UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRADLEY JOSEPH LAWRENCE SAVOY | * | CIVIL ACTION |
| VERSUS | * | NO. 26-664 |
| CAESAR'S ENTERTAINMENT, INC., ET AL. | * | SECTION "J" (2) |

## ORDER AND REASONS

Plaintiff Bradley Joseph Lawrence Savoy filed a Complaint, individually and on behalf of a nationwide class, asserting claims of conversion, unjust enrichment, civil conspiracy, coercion and deprivation of rights, defamation, and unfair and deceptive trade practices against Caesar's Entertainment, Inc., Harrah's New Orleans Casino, Boyd Gaming Corporation, Treasure Chest Casino, and "all casinos operating in the United States that issue player cards and paper tickets." ECF No. 1 at 1, 4. Plaintiff also filed an *Ex Parte* Motion for Leave to Proceed *in forma pauperis* on July 17, 2023. ECF No. 2. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(B)(1).

For the reasons that follow, Plaintiff has sufficiently established his inability to pay fees, as required by 28 U.S.C. § 1915(a)(1). However, summons will not be issued at this time, pending completion of the statutorily mandated frivolous review and response to the show cause order.

## I.   APPLICABLE LAW

### A. *In Forma Pauperis* Standard for Authorization to Proceed Without Payment

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[1]  Section 1915(a)

---

[1] 28 U.S.C. § 1915(a)(1).

1

"is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing fees."[2]  Courts assess a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[3]  This analysis entails a review of the plaintiff's income sources (including social security or unemployment payments[4]) and the demands on his financial resources, including whether expenses are discretionary or mandatory.[5]  While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is only allowed when a movant cannot give such costs and remain able to provide for himself and/or dependents.[6]  Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the court.[7]

### B.  <u>Statutorily Mandated Review</u>

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[8]  Section 1915(e)(2)(B) grants the court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[9]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or

---

[2] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

[3] *Id.*

[4] Courts consider social security payments in making the *in-forma-pauperis* determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (S.D. Miss. Feb. 12, 2013).

[5] *Prows*, 842 F.2d at 140.

[6] *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

[7] *Prows*, 842 F.2d at 140.

[8] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

[9] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[10]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[11]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[12]  A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[13]  A court may not dismiss a claim simply because the facts are "unlikely."[14]  A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . .  [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[15]  A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[16]

## C. **Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint set forth "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them."[17]  While Rule 8's

---

[10] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (alterations in original) (citing 28 U.S.C. § 1915(e)(2)(B)).

[11] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).

[12] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[13] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[14] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

[15] *Id.* (quoting *Denton*, 504 U.S. at 32–33).

[16] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[17] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation."[18] Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[19]

### D.  Class Allegations

Amidst the four prerequisites for class certification is a finding that the representative party can "fairly and adequately protect the interests of the class."[20]  Adequacy of class representation "encompasses class representatives, their counsel, and the relationship between the two."[21]  As sufficient class counsel is required to adequately represent a class, a *pro se* plaintiff is inadequate to represent others in a class action.[22]

A layperson ordinarily does not possess the legal training necessary to protect the interests of a proposed class, thus courts are reluctant to certify a class represented by a *pro se* litigant.[23] As the United States Tenth Circuit Court of Appeals has explained:

> Under Rule 23(a)(4) [of the Federal Rules of Civil Procedure], a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others.[24]

---

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[19] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice").

[20] FED. R. CIV. P. 23(a)(4).

[21] *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 (5th Cir. 2002) (citation omitted).

[22] *See, e.g., Lindsey v. Aycox*, No. 14-260, 2015 WL 13650950, at *1 (S.D. Miss. Jan. 7, 2015) ("[P]ro se litigants, such as Plaintiffs, cannot adequately represent the interests of a putative class or appear as class representatives." (emphasis omitted)).

[23] *See* 7A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1769.1, at 450 & n.12 (3d ed. 2005) (stating general rule that "class representatives cannot appear pro se," and citing case law).

[24] *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citation modified); *accord. Anderson v. Moorer*, 372 F.2d 747, 751 n.5 (5th Cir. 1967); *Powers v. Clay*, No. 11-051, 2011 WL 6130929, at *3 (S.D. Tex. Dec. 8, 2011); *Wetzel v. Strain*, No. 09-7633, 2009 WL 5064445, at *1 (E.D. La. Dec. 16, 2009); *Luna v. Kliebert*, No. 09-3853, 2009 WL 2175773, at *1 n.1 (E.D. La. Jul. 17, 2009) (Engelhardt, J.), *aff'd*, 368 F. App'x 500 (5th Cir. 2010); *Sosa v. Strain*, No. 06-9040, 2007 WL 1521441, at *7 (E.D. La. May 22, 2007).

A *pro se* plaintiff's tenacity and zeal "are no substitute for the skill and experience which are needed to prosecute an action on behalf of a class."[25]  Therefore, the law does not allow plaintiff to pursue this matter as a class action.

### B.  Availability of Amendment

Before dismissing with prejudice a claim based on frivolousness,[26] the court should allow a *pro se* Plaintiff the opportunity to state his best case:

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon.  These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[27]

Thus, the court should generally allow an opportunity to amend before dismissing an action for failure to state a claim.[28]  Indeed, unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[29]  When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[30]

### II.    ANALYSIS

Plaintiff's application is submitted on the AO 240 Form and indicates that he is

---

[25] *Davis v. Jindal*, No. 14-555, 2014 WL 1612495, at *1 (E.D. La. Apr. 22, 2014) (quoting *MacKenzie v. Loc. 624, Int'l Union of Operating Eng'rs*, 472 F. Supp. 1025, 1033 (N.D. Miss. 1979); and citing *Luna*, 2009 WL 2175773, at *1 n.1; *Sosa*, 2007 WL 1521441, at *7).

[26] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).

[27] *Neitzke*, 490 U.S. at 329-30.

[28] *See, e.g.*, *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted); *see also* FED. R. CIV. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . . leave to amend a pleading").

[29] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (cleaned up))).

[30] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

unemployed, has no property or income from any source, has no monthly expenses, and has a negative checking or savings account balance.  ECF No. 2 at 1-2.  After reviewing Plaintiff's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship and thus is financially eligible to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915(a). This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2).  The Court may in its discretion impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases.[31]

Although the Court has permitted the plaintiff to proceed *in forma pauperis*, Plaintiff's Complaint appears improper on its face and is thus subject to summary dismissal under §1915(e). It does not contain sufficient factual allegations to state a claim, as required by Rule 8.  Further, given his status as a *pro se* litigant acting without counsel, Plaintiff is not an adequate class representative to pursue any claims on behalf of others.  Accordingly, summons will not issue at this time, pending completion of the statutorily mandated screening required by § 1915(e)(2).

### III.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Bradley Joseph Lawrence Savoy's *Ex Parte*  Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED;

IT IS FURTHER ORDERED that, for the reasons set forth above, on or before **Wednesday, May 6, 2026**, Plaintiff **SHOW CAUSE in writing** why his complaint and class action allegations should not be summarily dismissed.   **PLAINTIFF'S FAILURE TO**

---

[31] *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

6

**RESPOND IN WRITING AS DIRECTED HEREIN MAY RESULT IN A RECOMMENDATION FOR DISMISSAL OF HIS COMPLAINT.**

IT IS FURTHER ORDERED that there will be no oral hearing on Wednesday, May 6, 2026, but the matter will be taken under advisement on the written filings on that date.

New Orleans, Louisiana, this __2nd__ day of April, 2026.


DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

7